IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAO-MSO RECOVERY II, LLC, MSP
RECOVERY, LLC, and MSPA CLAIMS 1, LLC,

       Plaintiffs,

 v.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY and AMERICAN FAMILY
INSURANCE,

       Defendants.

OPINION & ORDER

17-cv-175-jdp
17-cv-262-jdp

---

  These two cases are both proposed class actions brought under the Medicare Act, 42 U.S.C. § 1395y, and related regulations. Plaintiffs MAO-MSO Recovery II, MSP Recovery, and MSPA Claims 1 say that they are entitled to "recover reimbursement of Medicare payments . . . that should have been paid in the first instance by" defendants American Family Mutual Insurance Company and American Family Insurance. No. 17-cv-175, Dkt. 26. ¶¶ 44–46; No. 17-cv-262, Dkt. 24, ¶¶ 41–43. These cases are two of more than a dozen that plaintiffs filed in federal courts across the country, raising similar claims against other insurance companies.[1]

---

[1] *MAO-MSO Recovery II, LLC v. Allstate*, No. 17-cv-2370 (N.D. Ill.) (motion to dismiss pending); *MAO-MSO Recovery II, LLC v. Erie Indemnity Co.*, No. 17-cv-81 (W.D. Pa.) (motion to dismiss pending); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 17-cv-2559 (C.D. Cal.) (motion to dismiss granted with leave to replead); *MAO-MSO Recovery II, LLC v. GEICO*, No. 17-cv-964 (D. Md.) (motion to dismiss pending); *MAO-MSO Recovery II, LLC v. Liberty Mut.* No. 17-cv-10564 (D. Mass.) (amended complaint filed); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. 17-cv-2557 (C.D. Cal.) (motion to dismiss granted with leave to replead); *MAO-MSO Recovery II, LLC v. Nationwide*, 17-cv-00263 (S.D. Ohio) (motion to dismiss pending); *MAO-MSO Recovery II, LLC v. Progressive*, No. 17-cv-686 (N.D. Ohio) (motion to dismiss pending); *MAO-MSO Recovery II, LLC v. State Farm*, No. 17-cv-321 (S.D. Ill.) (motion to granted with leave to replead); *MAO-MSO Recovery II, LLC v. USAA*, No. 17-cv-21289 (S.D.

Defendants filed motions to dismiss in both No. 17-cv-175 and No. 17-cv-262, but plaintiffs mooted those motions by filing amended complaints. Now defendants have filed renewed motions to dismiss, contending that plaintiffs' amended complaints do not cure the defects in the original complaints, namely, that plaintiffs' allegations do not show that they have standing to sue or that they have stated plausible claims for relief under Rule 8 of the Federal Rules of Civil Procedure. The court agrees with the growing number of courts that have already dismissed similar complaints for plaintiffs' failure to show that they have standing to sue. The court will give plaintiffs one more opportunity to cure the problems discussed in this opinion before dismissing the case for lack of standing. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.").

ANALYSIS

**A. Overview of claims and contentions**

Plaintiffs' two lawsuits in this court are closely related. In both cases, plaintiffs' claims arise out of the Medicare Secondary Payer provisions of the Medicare Act. Under those provisions, Medicare's responsibility for paying a beneficiary's medical expenses is always

---

Fla.) (motion to dismiss pending); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-20946-CIV (S.D. Fla.) (motion to dismiss granted with leave to replead); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, No. 17-cv-21996-UU (S.D. Fla.) (motion to dismiss granted with leave to replead). Plaintiffs filed at least one other similar case and then voluntarily dismissed it. *MAO-MSO Recovery II, LLC v. AAA Auto Club,* No. 17-cv-601 (C.D. Cal.).

2

"secondary" to any other coverage the beneficiary has, meaning that Medicare does not pay unless no other coverage exists. 42 U.S.C. § 1395y. And if Medicare pays expenses of a beneficiary who has other coverage, Medicare may seek reimbursement from the other insurer, called the "primary plan" in the Medicare Act. 42 U.S.C. § 1395y(b)(2)(B)(ii). In both No. 17-cv-175 and No. 17-cv-262, plaintiffs say that defendants were the primary payers for medical expenses incurred by beneficiaries and that defendants failed to pay those expenses as required by the law.

The federal government is not a party to these cases and plaintiffs are not seeking to recover funds on the government's behalf. Rather, plaintiffs offer a two-part explanation for why they rather than the federal government are entitled to reimbursement from defendants. First, plaintiffs say that all of the beneficiaries at issue participate in the Medicare Advantage Program, under which beneficiaries may choose to receive Medicare benefits through certain private insurers called Medicare Advantage Organizations (MAOs). 42 U.S.C. § 1395w-21. Under the program, the private insurer pays the beneficiary's medical expenses and Medicare pays the private insurer a fixed amount, which may be more or less than what the insurer paid. Under the Medicare regulations, the MAO has the same rights as Medicare to seek reimbursement from a primary payer. 42 C.F.R. § 422.108(f). Second, plaintiffs say that "numerous" MAOs assigned plaintiffs the right to recover the payments owed to the MAOs. No. 17-cv-175, Dkt. 26, ¶¶ 44–46; No. 17-cv-262, Dkt. 24, ¶¶ 41–43.

The only difference between the two lawsuits relates to the reason that plaintiffs contend that defendants are the primary payers of a beneficiary's medical expenses. In case no. 17-cv-175, plaintiffs say that defendants are the primary payers because they issued no-fault automobile insurance policies to beneficiaries. In case no. 17-cv-262, plaintiffs say that

defendants were the primary payers because they paid settlements to beneficiaries for accidents between a beneficiary and someone insured by defendants. In case no. 17-cv-175, plaintiffs say that defendants owe them money under two theories: (1) under 42 U.S.C. § 1395y(b)(3)(A), plaintiffs have a right to double damages for instances in which defendants were the primary payer but failed to make the required payments; and (2) under 42 C.F.R. § 411.24(e), plaintiffs have a right to sue for defendants' alleged breach of contract to their insureds. In case no. 17-cv-262, plaintiffs seek to recover under the first theory only.

In their motions to dismiss, defendants assume that plaintiffs have accurately described the requirements of the Medicare laws. But defendants contend that plaintiffs' complaints in both cases consist of little more than legal conclusions and do not satisfy the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which apply to issues related to both jurisdiction and the merits, *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

First, defendants say that plaintiffs have not adequately alleged that they have standing to sue because the complaints do not include facts showing that they have a valid assignment from a particular MAO as to any particular claim against either defendant. Second, defendants say that plaintiffs have not adequately alleged the elements of their claims, including that defendants were the primary payer of a particular medical expense, that defendants failed to a pay a particular medical expense that they were required to pay, that a particular MAO paid a particular claim, or that a particular beneficiary was a member of a particular MAO. Because standing implicates subject matter jurisdiction, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), the court will consider that issue first.

4

**B. Standing**

Under the doctrine of standing, plaintiffs must show that they suffered an "injury in fact" that is "fairly traceable" to defendants' conduct and is capable of being redressed by a favorable decision from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). This is part of the limitation on federal judicial power under Article III of the U.S. Constitution to "Cases" and "Controversies." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). Defendants contend that plaintiffs' complaints do not show that plaintiffs have suffered an injury because the complaints do not include facts showing that they have a valid assignment from an MAO that paid medical expenses that defendants should have paid.

A threshold question is whether defendants have accurately framed the issue as one of Article III standing, as opposed to prudential standing. An assignment gives a party the right to sue, but that is separate from the question whether there has been an injury for Article III purposes. *U.S. v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 818 (7th Cir. 2013) ("[T]o have standing, a claimant need not establish that a right of his has been infringed; that would conflate the issue of standing with the merits of the suit.") (internal quotations omitted). If there has been an injury, but plaintiffs do not have valid assignments, that would implicate the doctrine of prudential standing, which requires "plaintiffs [to] assert their own legal rights and interests, and [prohibits them from] rest[ing] their claims to relief on the legal rights or interests of third parties." *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 540–41 (7th Cir. 2012).

Plaintiffs' complaints include inconsistent allegations on the question whether plaintiffs suffered their own injury by paying medical expenses that defendants should have paid. *Compare* No. 17-cv-175, Dkt. 26, ¶ 4 ("Plaintiffs . . . paid Medicare benefits on behalf of the Medicare-eligible beneficiaries enrolled under the Medicare Advantage program.") (footnote

5

omitted), *and* No. 17-cv-262, Dkt. 24, ¶ 3 ("Plaintiffs . . . paid for the medical items or treatment."), *with* No. 17-cv-175, Dkt. 26, ¶¶ 58–59 ("Plaintiffs' MAO paid for those medical expenses"), *and* No. 17-cv-262, Dkt. 24, ¶ 51 (referring to "medical treatment . . . provided by Plaintiffs' MAOs" and alleging that defendants "never reimbursed Plaintiffs' MAOs for the medical treatments"). In their motions to dismiss, defendants take the position that plaintiffs admit in both complaints that they did not make any payments themselves. No. 17-cv-175, Dkt. 40, at 8 ("Plaintiffs concede that they have not been injured as the result of direct dealings with American Family's insureds—the FAC admits that only unnamed MAOs, not the plaintiffs, made payments that American Family allegedly failed to reimburse."); No. 17-cv-262, Dkt. 35, at 8 ("Plaintiffs concede that they have not been injured as the result of direct dealings with American Family's insureds—the FAC admits that unnamed MAOs made payments that American Family allegedly failed to reimburse."). In their consolidated opposition brief, plaintiffs do not contradict defendants on this point; rather, they appear to agree with defendants when they say that "[b]oth [complaints] allege that *the underlying MAOs who assigned their rights of recovery to the Plaintiffs suffered an economic injury as result of making payments the Defendants were statutorily required to pay in the first place*." No. 17-cv-175, Dkt. 41, at 13 (emphasis added). Because the parties appear to agree that plaintiffs did not suffer their own injuries, the court will make the same assumption for the purpose of the pending motions.

As the parties recognize, this does not necessarily foreclose plaintiffs' right to sue because "an assignee can sue based on his assignor's injuries." *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 286 (2008). Thus, in these cases, the question whether plaintiffs have standing to sue overlaps with the question whether they are entitled to relief.

6

The court will turn to the question whether plaintiffs adequately allege that they have assignments giving them the right to sue in these cases.

In both complaints, plaintiffs include a number of general allegations that MAOs assigned their rights to plaintiffs. *E.g.*, No. 17-cv-175, Dkt. 26, ¶¶ 44–46; No. 17-cv-262. Dkt. 24, ¶¶ 41–43 ("Numerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to Plaintiff. As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by the Defendants."). Plaintiffs also include at least one of what they call a "representative claim" that they "allege[] with specificity." No. 17-cv-175, Dkt. 26, ¶ 58; No. 17-cv-262, Dkt. 24, ¶ 54. For example, in case no. 17-cv-175, plaintiffs allege the following:

> An Ohio resident named Mr. J.W.K. was receiving Medicare benefits from an MAO whose right to recover under the MSP Act has been assigned to Plaintiffs. Mr. K was involved in an automobile accident that required medical services arising out of the use, maintenance, and/or operation of a motor vehicle. Plaintiffs' MAO paid for those medical expenses. However, at the time of the accident Mr. K also possessed a PIP automobile insurance policy with Defendants, which required payment of medical expenses up to the policy limit. Defendants, however, did not pay or reimburse the MAO for those expenses within the requisite time frame, as required of a primary payer.

Dkt. 26, ¶ 58. Plaintiffs include a second example using identical language, with the exception that the beneficiary has different initials and is from Minnesota rather than Ohio. *Id.* ¶ 59. They include a similar example in no. 17-cv-262. Dkt. 24, ¶ 55.

In challenging the sufficiency of these allegations, defendants point out that plaintiffs have not included any of the terms of any particular assignment, the particular MAOs involved, the date of execution, the amount of consideration, or any other information showing that they

7

have been assigned the rights to recover any particular debt. Even the claims "allege[d] with specificity" consist of boilerplate allegations that could apply to any of plaintiffs' claims, as is demonstrated by the fact that the representative claims include nearly identical allegations. Without more specific facts, defendants say, plaintiffs' allegations cannot survive scrutiny under Rule 8.

Plaintiffs do not deny that they omitted the type of allegations discussed by defendants. Plaintiffs' position is that they are not required to provide additional information.

In support of their view, defendants rely on *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555, in which the Supreme Court held that legal conclusions are not sufficient to satisfy federal pleading standards. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. *See also Riley v. Vilsack,* 665 F. Supp. 2d 994, 1002 (W.D. Wis. 2009) ("The Court made it clear in *Iqbal* that plaintiffs do need to plead facts; conclusions are not enough."). Plaintiffs do not respond to this argument or otherwise explain why they believe that their allegations regarding assignments are anything more than legal conclusions.

Neither side cites case law from the Court of Appeals for the Seventh Circuit addressing the sufficiency of allegations regarding the existence and scope of an assignment. But in just the last few months, at least five district courts have considered other complaints filed by the same plaintiffs raising the same claims (against other defendants) and relying on similar if not identical allegations. In all of those cases, the court concluded that plaintiffs' allegations regarding the assignments were too conclusory. *MAO-MSO Recovery II, LLC v. State Farm*, No. 117CV01541JBMJEH, 2018 WL 340021, at *3 (C.D. Ill. Jan. 9, 2018); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-20946-CIV, 2018 WL 295527, at *4 (S.D. Fla. Jan. 3,

2018); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, No. 17-CV-21996-UU, 2017 WL 6541533, at *1 (S.D. Fla. Dec. 13, 2017); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 17CV02522CASPLAX, 2017 WL 5634097, at *6 (C.D. Cal. Nov. 20, 2017); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. CV 17-2557-AB (FFMX), 2017 WL 5086293, at *5 (C.D. Cal. Nov. 2, 2017).

This court agrees with the conclusion in *Farmers Insurance Exchange*: "The fundamental flaw with plaintiffs' pleadings is that there are no factual allegations tracing any individual assignor MAO's injury to any single defendant. The representative facts regarding four individuals . . . do not identify which MAOs are involved, and include only blanket allegations against all defendants." 2017 WL 5634097, at *6. *See also Mercury Gen.*, 2017 WL 5086293, at *4 ("The Court is not obliged to accept as true Plaintiffs' legal conclusions that the assignments exist and are valid; Plaintiffs must allege facts sufficient to support these contentions, such as the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, and the essential terms.").

The difference between a conclusion and a fact can be subtle, *Twombly*, 550 U.S. at 590 (Stevens, J., dissenting), but even if there were some situations in which a conclusory allegation of an assignment would satisfy Rule 8, this would not be one of them. The specificity required by Rule 8 is context sensitive. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("[T]he height of the pleading requirement is relative to circumstances."). The more complex a case is and the more potentially burdensome discovery may be, the more specific a plaintiff's allegations must be. *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011) ("The required level of factual specificity rises with the complexity of the claim."); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802–03 (7th Cir. 2008) ("[A] defendant should not be forced

9

to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case.").

In these cases, plaintiffs are not bringing a single claim regarding one assignment of one debt. Rather, plaintiffs are broadly alleging that they have assignments for a large (but unspecified) number of claims related to a practice that is "widespread and systematic." No. 17-cv-175, Dkt. 26, ¶ 56; No. 17-cv-262, Dkt. 24, ¶ 52. And yet plaintiffs provide no factual context for allegations that are so conclusory that they could apply to any one of the many lawsuits that plaintiffs have filed throughout the country. Plaintiffs' allegations do not even differentiate among the plaintiffs themselves, making it impossible to reasonably infer that each of them holds a valid assignment. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 733 (1st Cir. 2016) ("[S]tanding is not dispensed in gross. The appropriate inquiry must be whether each particular plaintiff is entitled to have a federal court adjudicate each particular claim that he asserts.") (internal quotations and citations omitted).

Plaintiffs insist that all of the factual context for the assignments can wait for discovery, but that view is inconsistent with *Twombly* and *Iqbal*. In *Twombly*, in the context of an antitrust conspiracy claim, the Court rejected the view that a conclusory allegation of an agreement satisfied Rule 8. Rather, "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." 550 U.S. at 556. *See also Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) ("Bissessur's argument that the exact details of the contract will become clear during discovery runs counter to the holding of *Twombly*, which dictates that the

complaint itself must contain sufficient factual detail to describe the parameters of the contract before discovery may commence.").

And even if a bare allegation of an assignment were sufficient to satisfy pleading standards, courts may consider matters outside the pleadings in the context of a motion to dismiss for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). In this case, it is appropriate for multiple reasons to require plaintiffs to come forward with whatever evidence of assignments they have.

First, because standing is a threshold question and the potential scope of this case is far-reaching, it makes little sense to allow the case to proceed to the class certification stage or summary judgment while there is still a significant question whether each of the plaintiffs actually has the right to sue. Second, plaintiffs should have possession of their own assignments and any related evidence, so it should not be difficult for them to demonstrate standing if they have it. *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015) ("Plaintiffs' pleading burden should be commensurate with the amount of information available to them.") (internal quotations omitted). Third, at least one of the plaintiffs has a history of failing to prove they have valid assignments in cases like this. In *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1256 (S.D. Fla. 2016), the court cited seven other cases from 2016 in which MSPA Claims 1 had failed to show that it had valid assignments giving it the right to sue. Thus, the concerns raised by defendants about the existence and scope of plaintiffs' assignments are more than theoretical. For all of these reasons, plaintiffs must come forward with more than a bare assertion that they possess the right to sue in these cases.

**C. Merits**

Plaintiffs' allegations related to the merits suffer from the same problems as their allegations about standing. Plaintiffs have not plausibly alleged that defendants were the primary payer of a particular medical expense, that defendants failed to a pay a particular medical expense that they were required to pay, that a particular MAO paid a particular claim, or that a particular beneficiary was a member of a particular MAO. Plaintiffs' allegations are so conclusory that defendants would have no way of determining whether they failed to make payments required by the Medicare Care Act or whether plaintiffs are entitled to recover any required payments that defendants failed to make. The complaints read as if plaintiffs began with a conclusion that defendants owed them money and simply worked backwards to construct a legal theory that would support the conclusion. Even under the liberal pleading standard of Rule 8, more is required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

**D. Conclusion**

The court will grant defendants' motions to dismiss and give plaintiffs one more opportunity to both show that they have standing and plead a plausible claim for relief. Plaintiffs may have until March 5, 2018, to file amended complaints, along with any evidence that they have been assigned the right to recover the debts allegedly owed in this case. If defendants believe that plaintiffs' filings are still inadequate, defendants may have until March 26, 2018, to file a renewed motion to dismiss.

In light of the questions that remain regarding both jurisdiction and the merits, the March 1, 2018, deadline for filing a motion for class certification is no longer feasible. The court will strike the schedule and reset it if necessary after determining whether plaintiffs have standing to sue and have stated a plausible claim for relief.

ORDER

IT IS ORDERED that:

1. The motions to dismiss filed by defendants American Family Mutual Insurance Company and American Family Insurance Company, Dkt. 39 (in no. 17-cv-175-jdp) and Dkt. 34 (in no. 17-cv-262-jdp), are GRANTED.

2. Plaintiffs MAO-MSO Recovery II, LLC, MSP Recovery, LLC, and MSPA Claims 1, LLC, may have until March 5, 2018, to file: (1) amended complaints in both cases; and (2); any evidence that they have been assigned the right to recover the debts allegedly owed in this case.

3. If plaintiffs do not respond to this order, the court will dismiss the case for lack of jurisdiction and direct the clerk of court to enter judgment.

4. If plaintiffs file an amended complaint, defendants American Family Mutual Insurance Company and American Family Insurance may have until March 26, 2018, to file a renewed motion to dismiss.

5. The schedule for this case is STRUCK. The court will reset it if necessary after resolving issues regarding jurisdiction and pleading.

Entered February 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge